M. FOLB & BRO. v. THE PHŒNIX INSURANCE COMPANY.

*Contract—Insurance—Evidence—Custom.*

An insurance policy contained a stipulation that if the assured should thereafter make any other insurance (whether void or not) on the property therein specified, without the consent of the insurers endorsed on the policy, it should be void. In an action to recover the amount of the policy, the defendant relied upon a breach of this stipulation, and offered testimony tending to prove that the agent of another company prepared a policy on same property, which he tendered to the plaintiffs and demanded the payment of the premium; that the plaintiffs promised to pay it, but never did; that the said policy was duly entered in the books of the second company, and that it was the custom of insurance companies to write policies and hold them for convenience of assured until the premiums were paid: *Held*, these facts did not constitute evidence sufficient to be submitted to the jury upon the issue on the breach of the condition.

CIVIL ACTION, tried at May Term, 1891, of CUMBERLAND Superior Court, *Armfield, J.,* presiding.

The plaintiff brought this action to recover the sum of $1,500, which the defendant, by its policy of insurance, agreed and promised to pay them in case of the loss of their goods therein specified, by fire, in the contingency and as therein provided and stipulated. The policy contained, among others, a clause in these words: "Or if the assured shall have or shall hereafter make any other insurance (whether void or not) on the property herein specified, or any part thereof, without the consent of the company written hereon, then and in every such case this policy is void." In the answer the defendant alleged as a defence, among other things, "that after the issuing of the policy of insurance set out in the complaint, the plaintiffs made other insurance on the property specified without the consent of the defendant written upon the said policy and in violation of its express terms,

and thereby rendered said policy void." On the trial the
defendant introduced a witness who testified in its behalf as
follows: "I am an insurance agent, as such I wrote a policy
for plaintiffs on the goods destroyed, and the subject of this
suit in the Continental Fire Insurance Company, dated
November 8th, 1889."

Witness further testified that he tendered this policy to
the plaintiffs both before and after the fire which consumed
the goods, and demanded the payment of the first premium
specified in said policy; that the plaintiffs promised to pay,
but did not do so, and witness never delivered this policy to
plaintiffs, and that after these tenders witness received a tele-
gram from his company instructing him not to deliver this
policy to plaintiffs. Defendant then offered to prove by that
witness that the books of his company, which he had with
him in Court, showed that this policy had been regularly
issued, and a record made on said book. Upon objection by
the plaintiffs' counsel, this evidence was excluded by the
Court, and the defendant excepted.

Defendant then offered to prove that it was the custom of
insurance companies to write policies and hold them for the
convenience of the assured until the premiums were paid.
On objection of plaintiffs' counsel this was excluded, and
defendant excepted.

Defendant then offered to prove that after the fire which
destroyed the goods, the plaintiff demanded of this company
(the Continental) the amount of this last policy, to cover the
loss. Upon objection by plaintiffs' counsel, the testimony
was excluded by the Court, and the defendant excepted.

This was all the evidence in the case tending to show that
plaintiffs had taken out other insurance on the property in
violation of the terms of the policy sued on. His Honor
submitted to the jury the first issue upon the evidence as to
the value of the goods, with instructions to which there were
no exceptions. As to the second issue, "Did the plaintiffs,

after issuance of the policy sued on, take out other insurance on said stock of goods without the consent of the defendant endorsed on the said policy?" his Honor instructed the jury that there was not sufficient evidence to justify them in finding this issue in favor of the defendant, and directed them to answer this issue " No," which they did. Defendant excepted.

There was a verdict for plaintiffs on the first issue. The Court gave judgment, and the defendant appealed.

*Mr. T. H. Sutton,* for plaintiffs.
*Mr. J. W. Hinsdale,* for defendant.

Merrimon, C. J.: It seems to us very clear that there was no sufficient evidence produced on the trial to go to the jury to prove that the plaintiffs did "make any other insurance, whether valid or not, on the property" specified in the policy sued upon, subsequent to the date of its execution. Accepting the evidence produced as true, it does not appear from it, unless by mere vague inference, that the plaintiffs, before the loss by fire, requested the defendant's agent to supply them with subsequent insurance; nor does it appear that it was agreed between the parties that the defendant should do so. At most, it appears only that the plaintiffs thought of getting additional insurance, and that the defendant's agent sought to induce them to do so. It does, however, appear affirmatively that they did not receive the policy tendered them, and that they did not pay the premium demanded; if such arrangement had been feasible, the agent of the defendant did not agree that the policy tendered by him should become the property of the plaintiffs, and he would hold it for them until they should pay the premium. It does not appear that there was any purpose of the parties to observe a very unbusiness like and unreasonable " custom of insurance companies to write policies and

hold them for the convenience of the insured until the premiums were paid." The mere fact that defendant's books "showed that this policy had been regularly issued and a record made in said book," was not evidence to prove a contract of insurance; nor was the mere fact that the plaintiffs demanded of the company the payment of the supposed additional insurance, evidence of such contract. The evidence went to prove that the contract of insurance contemplated—talked about—thought of—was to be made in the ordinary way by executing a proper policy. There was not the slightest evidence of a purpose to make a merely verbal contract. The alleged contract, behind which the defendant seeks to find shelter, was never consummated; nor was what was said as to it in any sense binding upon any party; nor did it come within the meaning or purpose of the clause of the policy sued upon, and relied on as a defence by the defendant.

Judgment affirmed.